## CIRCUIT COURT OF CHESTERFIELD COUNTY

In re Jamel M. Tabb
and Jamar Q. Tabb

December 21, 1989

Case No. (Chancery) A89-36

By JUDGE HERBERT C. GILL, JR.

I have reviewed the submitted memoranda in the above-referenced case and hold that the petition for a writ of habeas corpus and the motion to vacate the custody order should not be ruled upon until the Court has reviewed evidence relating to the best interests of the children involved.

For the purpose of ruling on these motions, the Court finds the following facts:

(1) Jamel and Jamar Tabb (the twins) were born out of wedlock to Cassandra Craig (Craig) and, allegedly, Mark Tabb (Tabb) on April 11, 1988.

(2) On August 18, 1988, the Juvenile Court for Tazewell County gave temporary custody of the children to Craig's mother.

(3) On March 3, 1989, Craig signed a "Consent for Custody and Adoption," which consented to Carolyn and Thomas Burkhalter's custody and proposed adoption of the twins.

(4) On April 3, 1989, the Tazewell County Juvenile Court entered an "Agreed Custody Order" granting custody to the Burkhalters. Tabb received no notice of this hearing and has subsequently refused to sign any consent forms.

(5) The Burkhalters have petitioned this Court for adoption.

(6) Craig and Tabb have separately filed motions to dismiss the adoption petition and have jointly filed

a petition for a writ of habeas corpus and motion to vacate the custody order.

Tabb and Craig seek to have the adoption petition dismissed and to have a writ of habeas corpus issued directing the Burkhalters to deliver the twins to either Tabb or Craig on the following grounds:

(1) The natural parents did not consent to the adoption before a Juvenile Court as required by Virginia Code Section 63.1-221 in cases of "direct placement" adoptions.

(2) The natural parents were not afforded their right to counsel nor did they execute a written waiver of this right pursuant to Virginia Code § 16.1-266(C) which provides for a right of counsel in cases where "a parent . . . could be subjected to the loss of residual parental rights . . ."

(3) The Juvenile Court lacked jurisdiction to award custody because the Burkhalters had not petitioned for custody pursuant to § 16.1-260(A) which provides that "All matters alleged to be within the jurisdiction of the [Juvenile and Domestic Relations District] Court shall be commenced by the filing of a petition . . ."

(4) The juvenile custody order is void because Tabb did not have notice pursuant to Virginia Code § 16.1-263 which provides that "notices of hearings" must be served on *the parents* of the child.

It would appear that there were fundamental defects in the Tazewell Court proceeding. However, the crucial question that remains is whether the procedural defects in this proceeding warrant the relief requested, that is, dismissal of the adoption petition and revocation of the Burkhalters' custody of the twins. In considering this question, the Court should consider not only the best interests of the children, but also whether the irregularities in the proceeding in Juvenile Court rise to such a level as to violate the due process rights of Craig and Tabb.

In a host of cases, Virginia Appellate Courts have held that the best interests of the child is an essential concern in cases involving children. Specifically, the case of *Frye v. Spotte,* 4 Va. App. 530 (1987), is very similar to this case. In *Frye,* the natural father withheld his consent to a step-parent adoption. The Court upheld the order of the Circuit Court approving the adoption noting that:

> An adoption over objection by a natural parent should not be granted except upon clear and convincing evidence that the adoption would be in a child's best interest and that it would be detrimental to continue the natural parent-child relationship. *Id.* at 532.

and that, "The welfare of a child is the guidepost in every custody and adoption proceeding." *Id.* It would seem, therefore, that prior to considering granting the relief requested, it is incumbent on the Court to make a finding as to whether such relief is in the children's best interest.

As to the due process question, both *Frye* and Virginia Code § 63.1-221 indicate that failure to give consent does not automatically invalidate an adoption petition. As for failure to provide counsel, failure to file the proper pleadings, and failure to provide notice, it should be noted that in the action before this Court, all parties have counsel and notice and that proper pleadings have been filed. Thus, it cannot be said that in this action, which will adjudicate the same rights that were at stake in the Juvenile Court, any due process rights have been denied.

Based on the foregoing analysis, the Court grants pendente lite custody to the Burkhalters pending an adjudication of the best interests of the twins. The Court also orders a home study of the Burkhalters, Craig, and Tabb and directs counsel to set a hearing (of sufficient time and sufficiently in the future to allow for the preparation of the home study) on the questions of the best interests of the children and the two part criteria of *Frye* (best interest and detriment of continuing natural parent-child relationship).